FISHER & PHILLIPS, LLP
JENNIFER A. FORNETTI (NBN 7644)
BRANDON A. BORN, ESQ. (NBN 15181)
300 S. Fourth Street, Suite 1500
Las Vegas, Nevada 89101
Telephone: (702) 252-3131
E-Mail Address: jfornetti@fisherphillips.com
E-Mail Address: bborn@fisherphillips.com
*Attorneys for Defendants David J. Churchill A Professional Corp. dba Injury Lawyers of Nevada, erroneously sued as Law Office of David Churchill and AdvanStaff, Inc*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TANIA AGUILAR, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>LAW OFFICE OF DAVID CHURCHILL, an entity of unknown form; TANNER CHURCHILL ANDERSON PLLC, a Nevada professional limited liability company; ADVANSTAFF, INC., a Nevada Corporation; GATEWAY PROPERTY MANAGEMENT, LLC dba GATEWAY PROPERTY MANAGEMENT, a Nevada Limited liability company,<br><br>Defendants. | Case No: 2:25-cv-02519-JAD-NJK<br><br>**FIRST STIPULATION AND ORDER TO EXTEND REMAINING DISCOVERY DEADLINES** |

Plaintiff Tania Aguilar ("Plaintiff"), by and through her counsel of record, Greenberg Gross LLP, and Defendants David J. Churchill A Professional Corp. dba Injury Lawyers of Nevada, erroneously sued as Law Office of David Churchill ("Churchill"), and AdvanStaff, Inc. ("AdvanStaff") (collectively, "Defendants"), by and through their counsel of record, Fisher & Phillips LLP, hereby stipulate and agree, subject to the Court's approval, to extend the remaining discovery deadlines beginning with the initial expert-disclosure deadline by sixty days.

FISHER & PHILLIPS LLP
300 S Fourth Street, Suite 1500
Las Vegas, Nevada 89101

This is the parties' first request to extend the deadlines established in the Stipulated Discovery Plan and Scheduling Order. (ECF No. 19). The request is made in good faith, is supported by good cause under Federal Rule of Civil Procedure 16(b)(4), Local Rule 26-3, and Local Rule IA 6-1, and is not sought for purposes of delay.

**I. CURRENT AND PROPOSED DEADLINES**

The parties request that the remaining deadlines be extended as follows:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Initial expert disclosures | July 16, 2026 | September 14, 2026 |
| Rebuttal expert disclosures | August 17, 2026 | October 16, 2026 |
| Discovery cutoff | September 14, 2026 | November 13, 2026 |
| Dispositive motions | October 14, 2026 | December 14, 2026 |
| Joint pretrial order, if no dispositive motions are filed | November 13, 2026 | January 12, 2027 |

If dispositive motions are filed, the deadline for the joint pretrial order will remain suspended until thirty days after entry of the Court's order resolving the dispositive motions, unless otherwise ordered by the Court.

The parties do not seek to reopen or extend the expired deadline to amend pleadings or add parties.

**II. PROCEDURAL BACKGROUND**

1. Plaintiff filed her original Complaint on December 17, 2025. (ECF No. 1).

2. The original Complaint asserted fourteen causes of action arising under federal and Nevada employment statutes. The original Complaint did not assert a separate tort claim for intentional infliction of emotional distress.

3. Defendants filed their Answer on March 16, 2026. (ECF No. 13).

4. On March 31, 2026, the Court entered the parties' Stipulated Discovery Plan and Scheduling Order. (ECF No. 19).

FISHER & PHILLIPS LLP
300 S Fourth Street, Suite 1500
Las Vegas, Nevada 89101

5. Under the Scheduling Order, initial expert disclosures are due July 16, 2026; rebuttal expert disclosures are due August 17, 2026; discovery closes September 14, 2026; dispositive motions are due October 14, 2026; and the joint pretrial order is due November 13, 2026 if no dispositive motions are filed.

6. Plaintiff filed a First Amended Complaint on June 10, 2026. (ECF No. 27).

7. The First Amended Complaint added a fifteenth cause of action for intentional infliction of emotional distress against both Defendants. Plaintiff alleges that Defendants intentionally or recklessly caused severe mental and emotional distress, including worry, fear, anguish, shock, nervousness, stress, and anxiety, and seeks compensatory and punitive damages arising from that claim.

8. On June 18, 2026, the Court granted the parties' Renewed Stipulation permitting Plaintiff to proceed on the already-filed First Amended Complaint. (ECF No. 31).

9. On June 25, 2026, the parties participated in an Early Neutral Evaluation in good faith, but the matter did not resolve. (ECF No. 32).

10. On July 6, 2026, Plaintiff served verified responses to AdvanStaff's First Set of Interrogatories and responses to AdvanStaff's First Set of Requests for Production.

11. Plaintiff also served responses to Churchill's First Set of Interrogatories and First Set of Requests for Production and served her First Supplemental Disclosures under Federal Rule of Civil Procedure 26(a)(1)(A) on July 6, 2026.

12. Plaintiff's July 6, 2026 discovery responses and supplemental disclosures provided information material to the nature and scope of Plaintiff's emotional-distress allegations, the medical and mental-health discovery required, and the parties' potential need for expert testimony.

/ / /

/ / /

**III. DISCOVERY COMPLETED**

13. The parties conducted a Rule 26(f) conference and exchanged initial disclosures.

14. Plaintiff has served initial and supplemental disclosures.

15. Defendants have produced documents, including personnel, payroll, leave, accommodation, benefits, policy, handbook, and employment-related records, bearing Bates numbers D-0001 – D-0273.

16. Plaintiff has produced documents bearing Bates numbers AGUILAR-0000001 through AGUILAR-0000224, including portions of her personnel file, payroll records, leave and accommodation documents, emails, text messages, her final paystub, her 2024 W-2, EEOC materials, and supplemental text messages.

17. Plaintiff served a first set of requests for production on AdvanStaff and Churchill.

18. AdvanStaff and Chruchill have served written responses to Plaintiff's requests for production on May 8, 2026.

19. AdvanStaff served a first set of interrogatories and a first set of requests for production on May 22, 2026.

20. Churchill served a first set of interrogatories and a first set of requests for production on May 22, 2026.

21. Plaintiff served written responses to both Defendants' interrogatories and requests for production on July 6, 2026.

22. The parties participated in the Court-ordered Early Neutral Evaluation on June 25, 2026.

23. The parties have begun evaluating the written discovery responses, the produced documents, the newly added IIED claim, and the additional emotional-distress allegations disclosed on July 6, 2026.

**IV. DISCOVERY REMAINING TO BE COMPLETED**

24. The parties anticipate completing the following discovery:

FISHER & PHILLIPS LLP
300 S Fourth Street, Suite 1500
Las Vegas, Nevada 89101

a. Obtaining and reviewing Plaintiff's medical records concerning her pregnancy, preeclampsia, emergency cesarean section, post-surgical infection, hospitalization, recovery, work status, claimed restrictions, and alleged need for additional leave;

b. Obtaining and reviewing Plaintiff's mental-health and therapy records, including records from therapist Bill Lounds of Core Mental Health Services;

c. Determining the relevant periods for Plaintiff's preexisting and subsequent mental-health treatment and obtaining reasonably related records concerning Plaintiff's depression, anxiety, therapy, medications, alleged exacerbation, alleged suicidal thoughts, and other claimed emotional injuries;

d. Obtaining appropriate authorizations or issuing subpoenas to Plaintiff's medical and mental-health providers, as necessary;

e. Determining whether additional written discovery or supplementation is necessary after receipt and review of the outstanding medical and therapy records;

f. Taking Plaintiff's deposition after the relevant medical and mental-health records have been produced and reviewed;

g. Determining whether depositions of Dr. Raul Romero-Joseph, therapist Bill Lounds, or other treating providers are necessary;

h. Taking depositions of relevant fact witnesses, including the parties' disclosed witnesses and appropriate Rule 30(b)(6) representatives;

i. Completing discovery concerning Plaintiff's claimed damages, mitigation, employment history, benefits, back pay, front pay, emotional-distress damages, medical expenses, and punitive damages;

j. Evaluating and completing any necessary third-party discovery concerning Plaintiff's subsequent employment, earnings, benefits, unemployment compensation, and mitigation efforts;

FISHER & PHILLIPS LLP
300 S Fourth Street, Suite 1500
Las Vegas, Nevada 89101

k. Determining whether the parties require retained medical, psychological, psychiatric, vocational, economic, or damages experts;

l. Providing complete initial expert disclosures and reports after the relevant factual and medical discovery has been obtained and reviewed; and

m. Completing rebuttal expert disclosures and any expert depositions.

**V. GOOD CAUSE FOR THE REQUESTED EXTENSION**

23. Federal Rule of Civil Procedure 16(b)(4) permits modification of a scheduling order upon a showing of good cause and with the Court's consent.

24. Local Rule 26-3 similarly requires a showing of good cause and requires a request to extend a discovery-plan deadline to identify the discovery completed, specifically describe the discovery remaining, explain why the discovery could not be completed within the existing schedule, and propose a schedule for completing the remaining discovery.

25. Good cause exists because the operative scope of the action materially changed after the Court entered the Scheduling Order.

26. When the parties proposed the original discovery schedule, Plaintiff's Complaint asserted fourteen statutory employment claims. Although those claims included requests for emotional-distress damages, Plaintiff had not asserted a standalone tort claim requiring her to prove extreme and outrageous conduct, intent or recklessness, severe emotional distress, and causation.

27. Plaintiff's First Amended Complaint added a separate IIED claim and alleges grievous mental and emotional suffering, including worry, fear, anguish, shock, nervousness, stress, and anxiety. The amended pleading also seeks punitive damages based on the alleged intentional or reckless conduct underlying that claim.

28. The nature and potential scope of the claimed mental-health injury became substantially clearer only after Plaintiff served her verified interrogatory responses on July 6, 2026.

FISHER & PHILLIPS LLP
300 S Fourth Street, Suite 1500
Las Vegas, Nevada 89101

FISHER & PHILLIPS LLP
300 S Fourth Street, Suite 1500
Las Vegas, Nevada 89101

29. In response to AdvanStaff's Interrogatory No. 23, Plaintiff disclosed that she suffered from depression and anxiety before her termination and had been receiving treatment for those conditions.

30. Plaintiff further alleged that her termination significantly exacerbated her preexisting depression and anxiety, that she temporarily lost access to mental-health therapy after losing employer-sponsored health insurance, and that her symptoms became sufficiently severe that she experienced suicidal thoughts.

31. Plaintiff also alleged that, when she received notice of her termination, she became so overwhelmed and distraught that she nearly dropped her newborn child.

32. These verified allegations materially expand the factual, medical, and potential expert issues associated with Plaintiff's emotional-distress and IIED claims. The parties must now investigate the nature, severity, duration, onset, and prognosis of Plaintiff's alleged mental-health injuries; the nature and extent of her preexisting depression and anxiety; her prior and subsequent treatment; any medications; the degree of any claimed exacerbation; alternative or contributing causes; and the apportionment of the alleged injury attributable to Defendants' conduct.

33. The information may require testimony from treating providers and retained medical or mental-health experts. It also affects the evaluation of causation, damages, credibility, and the scope of any permissible mental-health examination or expert rebuttal.

34. Plaintiff's July 6 responses to AdvanStaff's Requests for Production identify therapist Bill Lounds of Core Mental Health Services and state that Plaintiff is gathering his therapy records and will supplement her production upon receipt.

35. Despite Plaintiff twice requesting her records and contacting the treater on five occasions, Core Mental Health Services has not yet provided Plaintiff with her medical records.

FISHER & PHILLIPS LLP
300 S Fourth Street, Suite 1500
Las Vegas, Nevada 89101

36. Plaintiff's July 6 supplemental disclosures did not identify Bill Lounds as a person likely to have discoverable information. Plaintiff intends to supplement and add Lounds as a person likely to have discoverable information.

37. Plaintiff relayed in her discovery responses that she would supplement her responses concerning her mental-health treatment upon receipt.

38. Defendant believes that Plaintiff's responses further leave unresolved material medical issues concerning her ability to return to work, including the exact date on which a healthcare provider cleared her to return and her lack of formal written return-to-work clearance,

39. Plaintiff represents that additional medical records remain outstanding and are being sought through ongoing discovery.

40. Defendants contend that these unresolved issues bear not only on the IIED claim, but also on Plaintiff's disability, accommodation, leave, mitigation, back-pay, front-pay, and damages theories.

41. Plaintiff's discovery responses further state that damages calculations are ongoing and will be supplemented in connection with expert disclosures. Plaintiff has not provided a final computation of emotional-distress damages, punitive damages, or front pay.

42. Proceeding with initial expert disclosures on July 16, 2026 would require the parties to select experts and prepare disclosures before receiving and reviewing records that Plaintiff herself states remain outstanding.

43. Initial expert disclosures prepared without the relevant medical and mental-health records would likely be incomplete and require substantial supplementation, serial expert review, duplicative work, and unnecessary expense.

44. Extending the deadline will allow the parties to complete the foundational discovery before determining the appropriate expert disciplines and preparing complete expert reports.

/ / /

FISHER & PHILLIPS LLP
300 S Fourth Street, Suite 1500
Las Vegas, Nevada 89101

## VI. DILIGENCE AND REASONS THE REMAINING DISCOVERY COULD NOT BE COMPLETED WITHIN THE EXISTING SCHEDULE

45. The parties have acted diligently under the existing Scheduling Order.

46. The parties exchanged initial disclosures, propounded written discovery, produced documents, participated in the ENE, and continued evaluating the claims and defenses.

47. Plaintiff filed the First Amended Complaint on June 10, 2026, approximately five weeks before the initial expert-disclosure deadline.

48. The Court permitted Plaintiff to proceed on the First Amended Complaint on June 18, 2026, less than one month before initial expert disclosures were due.

49. The parties then participated in the Early Neutral Evaluation on June 25, 2026.

50. Plaintiff served four sets of written discovery responses and her First Supplemental Disclosures on July 6, 2026.

51. Those responses disclosed materially new information concerning Plaintiff's alleged psychiatric injuries, including preexisting depression and anxiety, prior treatment, claimed exacerbation, interruption of therapy, and suicidal thoughts.

52. The responses further identified therapist Bill Lounds of Core Mental Health Services, confirmed that his records had not yet been produced, and stated that additional medical and therapy records were still being gathered.

53. Defendants promptly reviewed the July 6 responses and disclosures, compared the information with the newly added IIED claim, assessed the discovery and potential expert issues created by the new allegations, and conferred with Plaintiff concerning the remaining deadlines.

54. The parties could not reasonably complete that process twenty-one days before the July 16 deadline because the operative information had not yet been disclosed.

FISHER & PHILLIPS LLP
300 S Fourth Street, Suite 1500
Las Vegas, Nevada 89101

55. The parties have acted before expiration of the initial expert deadline and seek a limited extension designed to permit completion of the specific outstanding discovery identified in this Stipulation

56. The requested extension is not based on attorney neglect, inadvertence, scheduling convenience, or a failure to pursue discovery.

57. The requested extension is instead based on a recently added cause of action, verified factual allegations first disclosed shortly before the expert deadline, and records that remain in the process of being gathered by Plaintiff.

**VII. TIMING OF THE REQUEST UNDER LR 26-3**

58. This Stipulation is being submitted on July 14, 2026, two days before the July 16, 2026 initial expert-disclosure deadline.

59. Because the request is being submitted fewer than twenty-one days before the subject deadline, Local Rule 26-3 requires the parties to demonstrate good cause for the timing of the request.

60. Good cause exists because the facts establishing the need for an extension were disclosed only shortly before the current expert deadline.

61. Twenty-one days before the July 16, 2026 initial expert-disclosure deadline was June 25, 2026. On that date, the parties were participating in the Court-ordered Early Neutral Evaluation and Plaintiff had not yet served the written discovery responses that disclosed the detailed nature and alleged severity of her claimed psychiatric injuries.

62. Plaintiff did not serve her verified interrogatory responses, responses to requests for production, and supplemental Rule 26 disclosures until July 6, 2026.

63. Those July 6 responses disclosed, among other things, that Plaintiff had preexisting depression and anxiety for which she had received treatment; that she claims those conditions were significantly exacerbated by her termination; that she allegedly lost access to mental-health therapy; and that she experienced suicidal thoughts.

FISHER & PHILLIPS LLP
300 S Fourth Street, Suite 1500
Las Vegas, Nevada 89101

64. Plaintiff's July 6 responses also identified therapist Bill Lounds of Core Mental Health Services and represented that the related therapy records were still being gathered and would be produced through supplementation.

65. Plaintiff's supplemental Rule 26 disclosures served the same day did not identify Mr. Lounds as a witness. Plaintiff represents that she anticipates listing Lounds as a witness once his office provides the requested records.

66. The July 6 responses also confirmed that other medical records remained outstanding and that Plaintiff did not presently possess a formal written return-to-work clearance.

67. The parties therefore did not have the information necessary to fully evaluate the scope of the additional medical, mental-health, treating-provider, and expert discovery twenty-one days before the July 16 deadline.

68. After receiving the July 6 responses, Defendants promptly reviewed them, evaluated their effect on the newly added IIED claim and the existing expert schedule, and conferred with Plaintiff concerning an extension.

69. The period between July 6 and the filing of this Stipulation was reasonably necessary for counsel to review the multiple sets of written discovery responses and supplemental disclosures, compare them with the original and amended pleadings, assess the outstanding medical and mental-health discovery, evaluate the potential expert disciplines implicated, and confer regarding a revised schedule.

70. The parties did not delay until after the deadline expired. They seek prospective relief before the initial expert-disclosure deadline and before any remaining scheduling-order deadline has expired.

71. The timing of the request is not attributable to attorney neglect, inadvertence, calendaring error, or a failure to pursue discovery. It results from the recent amendment of the pleadings and material information first disclosed in Plaintiff's July 6 discovery responses.

FISHER & PHILLIPS LLP
300 S Fourth Street, Suite 1500
Las Vegas, Nevada 89101

72. Requiring the parties to make initial expert disclosures on July 16 would provide only ten days from service of Plaintiff's responses and two days from the filing of this Stipulation to identify experts and prepare disclosures addressing medical and psychiatric issues for which the underlying records have not yet been produced.

73. Under these circumstances, the parties have demonstrated good cause for submitting the request fewer than twenty-one days before the subject deadline.

74. Because the July 16, 2026 initial expert-disclosure deadline has not expired, the excusable-neglect standard applicable to requests made after expiration of a deadline is not implicated.

**VIII. LACK OF PREJUDICE AND EFFECT ON THE PROCEEDINGS**

75. The requested extension is stipulated and applies equally to all parties.

76. The extension will provide each party a fair opportunity to obtain and review the outstanding records, complete fact discovery, and prepare meaningful expert disclosures based on a developed evidentiary record.

77. No trial date has been set.

78. The requested extension will not disrupt an existing trial date or other scheduled court proceeding.

79. The extension is limited to sixty days and is tailored to the additional discovery necessitated by the First Amended Complaint and the July 6 discovery responses.

80. The requested extension will reduce the likelihood of disputes over incomplete expert disclosures, repeated supplementation, avoidable expert expense, and requests to reopen discovery later.

81. The extension will therefore promote the just, speedy, and inexpensive resolution of the action consistent with Federal Rule of Civil Procedure 1.

82. This request is made in good faith and not for purposes of delay.

/ / /

/ / /

## IX. PROPOSED SCHEDULE FOR COMPLETING REMAINING DISCOVERY

83. If the requested extension is granted, the parties intend to proceed generally as follows:

| **Event** | **Proposed Deadline** |
|---|---|
| Initial expert disclosures | September 14, 2026 |
| Rebuttal expert disclosures | October 16, 2026 |
| Discovery cutoff | November 13, 2026 |
| Dispositive motions | December 14, 2026 |
| Joint pretrial order, if no dispositive motions are filed | January 12, 2027 |

WHEREFORE, the parties respectfully request that the Court approve the proposed extension and enter the revised deadlines set forth above.

IT IS SO STIPULATED.

GREENBERG GROSS, LLP

*/s/David C. Kiebler*
Jemma E. Dunn, Esq.
Matthew T. Hale, Esq.
David C. Kiebler, Esq.
Michael A. Burnette, Esq.
1980 Festival Plaza Drive
Suite 730
Las Vegas, NV 89135
*Attorneys for Plaintiff*

FISHER & PHILLIPS, LLP

*/s/ Jennifer A. Fornetti*
Jennifer A. Fornetti, Esq.
Brandon A. Born Esq.
300 S. Fourth Street
Suite 1500
Las Vegas, Nevada 89101
*Attorneys for Defendants*

**ORDER**

IT IS SO ORDERED:

______________________________
United States Magistrate Judge

July 15, 2026
DATED

FISHER & PHILLIPS LLP
300 S Fourth Street, Suite 1500
Las Vegas, Nevada 89101